**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| STEVEN L. VERA AND KIM E. VERA | : | NO.: 3:16-cv-00072-RNC |
| v. | : | |
| LIBERTY MUTUAL FIRE INSURANCE COMPANY | : | March 2, 2018 |

**PLAINTIFFS' REPLY TO:**

**MOTION FOR CERTIFICATION OF QUESTIONS TO THE**

**CONNECTICUT SUPREME COURT**

The Plaintiffs, **STEVEN L. VERA** and **KIM E. VERA** ("Plaintiffs"), in the above captioned matter respectfully submit the following reply to the Defendant's, **LIBERTY MUTUAL FIRE INSURANCE COMPANY** ("Defendant"), Motion for Certification of Questions to the Connecticut Supreme Court dated February 9, 2018.

**1.   The Plaintiffs Concur that the Issues Presented by the Defendant Should be Certified to the Connecticut Supreme Court**

Though the Defendant has presented its view and positions on the questions it wishes to certify, and the Plaintiffs contest these views and has a different position on each question, the Plaintiffs agree that each issue presented should be certified to the Connecticut Supreme Court. The undersigned has attended some arguments on these issues before the Superior Court and the Federal District Court on these so called "concrete" cases which, for the most part, have been decided in favor of the Plaintiffs, similar to the decisions in Roy v. Liberty Mutual Fire Insurance Co., No. TTD CV 15

6009410 S (February 27, 2017) (Cobb, J.) and <u>Roberts v. Liberty Mutual Fire Insurance Company</u>, No. 3:13-cv-00435-SRU (August 28, 2017).  Nonetheless, the Plaintiffs anticipate after a lengthy and expensive trial that these issues will be raised after a verdict.  Further, during formal and informal hearings before other Superior Court and Federal District Court Judges, the prospect of certification has been raised as a prudent approach to addressing these issues.  The Plaintiffs have had discussions with counsel and agree to certification of these issues.

    **2.    The Plaintiffs Proffer that there are Other Issues that Should be Certified with the Questions Posed by the Defendant**

        **a.    Does the Policy Provide Coverage for Its Failure to Exclude Chemical Reactions?**

Defendant provided homeowner's insurance coverage to the Plaintiffs for their property.  Said policy provides, in relevant part, under "Section I – Perils Insured Against – Coverage A – Dwelling and Coverage B – Other Structures – We insure against **<u>risk of</u>** direct loss to property described in Coverages A and B only if that loss is a physical loss to property."  Defendant's Memorandum of Law in Support of Motion for Summary Judgment, p. 4 (emphasis added).  The Plaintiffs proffer that the chemical reaction is the "risk of direct physical loss to property" that warrants coverage.  The policy does not exclude chemical reactions. <u>See</u> <u>id</u>.  <u>Compare</u> <u>Khuns v. Bay State Insurance Company</u>, 866 N.Y.S.2d 92 (Supreme Court of New York, April 8, 2008) (attached) ("Accordingly, defendant has not shown as a matter of law that either the language of the policy

excludes the plaintiff's claim, or that the cause is not factually within its inclusion as decay").

Further, the Plaintiffs note that the policy employs the term "risk" before "direct, physical loss to property". The use of the term "risk" can reasonably be interpreted to expand what exactly is considered a "direct physical loss to property" under the policy. See 401 Fourth Street, Inc. v. Investors Insurance Group, 823 A.2d 177, 170 (Pa. Super. 2003) (attached) ("The use of the terms 'risks' and 'involving' clearly broaden the policy's coverage to include something less than a structure completely falling to the ground"). The use of the term "risk" essentially expands the policy terms and contemplates not only the chemical reaction itself, but risks associated with the occurrence of the chemical reaction such as a total collapse of the structure. The Plaintiffs proffer that the failure to exclude chemical reactions as well as the expansive nature of coverage by the use of the term "risk" warrant appellate review.

      **b.**    **Does the Policy Provide Coverage Under the "Reasonable Repairs" Provision?**

Pursuant to the policy under Section I - Property Coverages, Additional Coverages:

> "**Reasonable Repairs**. In the event that covered property is damaged by an applicable Peril Insured Against, we will pay the reasonable cost incurred by you for necessary measures taken solely to protect against further damage. If the measures taken involve repair to other damaged property, we will pay for those measures only if that property is covered under this policy and the damage to that property is caused by an applicable Peril Insured Against."

Defendant's Memorandum of Law in Support of Motion for Summary Judgment, Exhibit

A, p. 3-4 of 16.  The Plaintiffs argue that since chemical reactions are covered perils, as well as the risks associated with the chemical reaction to the concrete, the cost to repair the concrete is covered pursuant to the terms of the policy, particularly to protect the property from "further damage".  The Plaintiffs proffer that the "reasonable repairs" provision warrants appellate review.

      **c.**     **Does the Policy Provide Coverage Under the "Ensuing Loss" Provision?**

Pursuant to the policy under Section I – Exclusions, the policy also states:

"We do not insure for loss to property described in Coverages A and B caused by any of the following.  However, any **ensuing loss** to property described in Coverages A and B not excluded or excepted in this policy is covered...

**Faulty, inadequate or defective:**...

    (2)    Design, specifications, workmanship, repair, construction, renovation, remodeling, grading compaction;...

    (3)    Materials used in repair, construction, renovation, or remodeling... of part or all of any property whether on or off the 'residence premises.'

Id, p. 7 (emphasis added).  Any ensuing losses, from the cracking of the concrete to the complete collapse of the structure, that occurs to the property as a result of the chemical reaction warrants coverage under the policy.  The Plaintiffs proffer that the "ensuing loss" provision warrants appellate review.

**Conclusion**

For all of the above mentioned reasons, the Plaintiffs respectfully concur that the issues raised by the Defendant warrant appellate review and respectfully requests that

the additional items they listed also be considered for review.

          PLAINTIFFS
          STEVEN L. VERA and
          KIM E. VERA

          By   Brian D. Danforth. Esq.
          Brian D. Danforth, Esq.
          Tolisano & Danforth, LLC
          P.O. Box 676
          Ellington, CT 06029
          (860) 871-2422
          ct19476
          Their Attorney

## **CERTIFICATION**

     This is to certify that on March 2, 2018 a copy of the foregoing Reply to Motion for Certification of Questions to the Supreme Court was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be send by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

Kieran W. Leary, Esq.
Howd and Ludorf, LLC
65 Wethersfield Avenue
Hartford, CT 06114
Telephone: (860) 249-1361
Facsimile: (860) 249-7665
E-mail: kleary@hl-law

           /s/  Brian D. Danforth
            Brian D. Danforth